UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
JAMES FISCHER            )
                         )
    Plaintiff            )
                         )
    v.                   )
                         )   C.A: 4:16 cv 40075-TSH
DEAN ERIC STIGLITZ,      )
LAURIE ANNE HERBOLDSHEIMER, )
GOLDEN RULE HONEY, LLC   )
                         )
    Defendant.           )
                         )
_____)


**FINDING AND ORDER ON DEFENDANTS RENEWED MOTION TO DISMISS**
**(Doc. No. 41)**

**March 26, 2018**

**HILLMAN, D.J.,**

## Introduction

The pro se Plaintiff, James Fischer ("Fischer") has brought suit against the Defendants seeking equitable relief and monetary damages based upon online communications critical of his theories and methodology of beekeeping. The Defendants have moved to dismiss his Amended Complaint. For the reasons set forth below their motion is granted.

## Discussion

The allegations in the complaint are based upon online exchanges between the Defendant, Dean Eric Stiglitz ("Stiglitz") and members of the Organic Beekeepers Discussion Group and BeeSource Forum. Those communications involved beekeeping advice found in the Defendant's publication of a book entitled The Complete Idiots Guide to Beekeeping ("The Guide") which was

published in 2010. The controversy began in May 2013 when the Plaintiff Fischer allegedly learned of a posting by Defendant Stiglitz to the Organic Beekeepers Group on August 18, 2010. That posting was generated by an email, allegedly from Fischer, which was severely critical of the treatment methods set out in The Guide. The email labeled Stiglitz an "opportunist" and called upon the publisher to revise the text or add appropriate disclaimers. Fischer denies that he sent this email. This posting generated a lively exchange among the organic beekeepers groups on this issue. It is these exchanges that are the genesis of the Plaintiff's allegations.

*First Cause of Acton- False Association/False Endorsement*

15 U.S.C. §1125(a)(1)(A) makes liable "any person who . . . uses in commerce any word, term, or name . . . which . . . is likely to cause confusion, or to cause mistake, or to deceive as to an affiliation, connection, or association, of such persons or another person . . . sponsorship, or approval of his or her goods, services, or commercial activities by another person." To survive dismissal, Fischer's claim for relief under this section of the statute requires factual allegations of conduct that created a likelihood of confusion among potential purchasers regarding his sponsorship or approval of a product or services provided by the Defendants. *Gronk Nation, LLC v. Sully's Tees, LLC* 37 F. Supp. 3rd 495, 498 (D.Mass. 2014). Under the facts plead, including the numerous postings and emails that are attached to the complaint, I do not find that any of the complained of postings would have confused online participants as to any affiliation of Fischer with the Defendants. Most of the references to Fischer reflect only his disapproval of the Defendants' methods, and there is no intimation that Fischer endorsed any goods or services.

*Second Cause of Action- False advertising of Defendants' Products/Services*

15 U.S.C. §1125(a)(1)(B), prohibits false and misleading descriptions of products and services in interstate commerce. In order to sustain a claim for false advertising, the Plaintiffs must prove that the Defendants; (1) made a false and misleading description of fact, (or representation of fact) in a commercial advertisement, about his own or another's product; (2) that the misrepresentation was material in that it was likely to influence a purchasing decision; (3) that the misrepresentation actually deceived or had a tendency to deceive a substantial segments of its audience; (4) that the Defendant placed the false and misleading statement in interstate commerce; and (5) that the Plaintiff has been or is likely to be injured as a result of the misrepresentation. The Plaintiff claims that the dispute between the Defendants and others as to proper beekeeping methodology creates an air of controversy which benefits the Defendant's products. There are no allegations in the complaint, or in the posting attached to the complaint, that evidence any intent to induce a purchaser to buy the Defendant's goods. The statements reflect a fair debate over proper beekeeping methods and a defense of the methodology espoused in The Guide.

*Third Cause of Action- False Advertising Concerning Plaintiffs Commercial Activity*

The Plaintiff alleges that the Defendants made material misrepresentations as to his commercial activities. Again a careful reading of the complaint and attachments do not reveal any mention of the Plaintiff's products in any commercial or advertising, or promotional context, except for a reference to a Fischer product in a satirical vein. Further, there are no allegations that any statements relate to a quality or characteristics of Fischer's goods or services or how they were likely to influence purchasing decisions. Nor are there any specific allegation of how the Defendant's statements caused any harm.

*Right of Publicity Violations*

The fourth cause of action alleges violation of general laws Chapter 214 §3A's right of privacy provisions. Under that statute, liability is determined not when "the defendant makes an incidental use of the Plaintiffs name, portrait, or picture" but when "the defendant uses the Plaintiff's name, portrait, or picture deliberately to exploit its value for advertising or trade purposes." *Tropeano v. Atlantic Monthly Co.,* 379 Mass.745, 749 (1980). There are simply no factual allegations which would cause one to believe that there was any exploitation for commercial purposes.

*Fourth Cause of Action- Unfair Competition[1]*

The Plaintiffs Chapter 93A is jurisdictionally deficient in that there are no allegations that the Plaintiff is located in or claims an injury in Massachusetts. *Back Bay Farm, LLC v. Collucio*, 230 F.Supp.2d 176, 188 (D. Mass 2002).

*Fifth Cause of Action- Tortious Interference with Prospective Economic Advantage*

In order to recover under the tortious interference with prospective economic advantages the Plaintiff must prove; a business relationship, or contemplated contract of economic benefit; the Defendant's knowledge of such relationship; the Defendant's intentional and malicious interference with it; and loss of that advantage as a direct result of the conduct. *Comey v. Hill,* 387 Mass. 11 (1982). Quite simply the Plaintiff does not allege whether the Defendants were aware of his customers, nor does he specify the opportunity that was lost, whether the

---

[1] The Plaintiff calls for fourth count "Right of Publicity" Violation. He then labels Count Five and Six his "Fourth & Fifth Cause of Action". For the sake of uniformity I will use the Plaintiff's designations.

Defendants were aware of specific opportunity, or that they employed improper means to interfere with that opportunity.

## Conclusion

For the reasons set forth above, the Defendants Motion to Dismiss (Doc. No 41) is ***granted***.

**SO ORDERED.**

/s/ Timothy S. Hillman
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**